PORT CONSTRUCTION COMPANY, Plaintiff

v.

THE GOVERNMENT OF THE VIRGIN ISLANDS, Defendant

# Civil No. 65-1961

# District Court of the Virgin Islands

Div. of St. Thomas and St. John

# December 30, 1964

*See, also, 237 F.Supp. 486*

BAILEY & WOOD (WILLIAM W. BAILEY, of counsel), St. Thomas, Virgin Islands; CAREY TERRY, DWYER, AUSTIN, COLE & STEPHENS (JOHN ROBERT TERRY, of counsel), Miami, Fla., *for plaintiff*

FRANCISCO CORNEIRO, Attorney General, Charlotte Amalie, Virgin Islands, *for defendant*

GORDON, *District Judge*

This is an action brought by Port Construction Company, a Florida corporation, engaged by the Government of the Virgin Islands for the construction of a certain public project in the Virgin Islands, to wit: the Oswald E. Harris Housing Project at Charlotte Amalie, St. Thomas.

In the instant case the plaintiff seeks a declaratory judgment with respect to two statutes of the Virgin Islands.

In its first cause of action, plaintiff prays the Court that the gross receipts tax imposed under Title 33, Chapter 3, section 43 of the Virgin Islands Code be declared unconstitutional.

In its second cause of action the plaintiff prays the Court to determine that section 4052 of Title 33, V.I.C. (as codified at the time of the complaint), has been incorrectly construed so as to exclude the plaintiff from the benefits of

tax exemption under the Tax Incentive Program of the Virgin Islands.

This matter came on for hearing on the amended complaint of the plaintiff on several different occassions, the last being July 7, 1964. The plaintiff was represented by Bailey and Wood, of St. Thomas, Virgin Islands, William W. Bailey, Esq., of counsel, and by Carey, Terry, Dwyer, Austin, Cole & Stephens of Miami, Florida, John Robert Terry, Esq., of counsel. The Government of the Virgin Islands was represented by Francisco Corneiro, Attorney General of the Virgin Islands. The motion of the defendant, dated September 27, 1961, for leave to amend pleading to include an affirmative defense in its Answer having previously been taken under advisement, was granted by the Court under Rule 15(a) of the Rules of Civil Procedure in the interests of justice.

Both parties adduced testimony, introduced exhibits and filed briefs with the Court, the last brief being filed by plaintiff on August 20, 1964.

Upon a careful study of the testimony, exhibits, briefs, and after extensive research, the Court makes the following:

### FINDINGS OF FACT

1. At all times, material herein, the plaintiff, Port Construction Company, has been a Florida corporation with its principal office in Miami, Florida. It has engaged in the business of general construction in that state and elsewhere, and was duly qualified to do business in the Virgin Islands.

2. The defendant, Government of the Virgin Islands, is the duly authorized and constituted ruling Government of the Virgin Islands, and acting through the Governor, and other duly constituted officers and administrative agencies has been and is administering the provisions of the Gross Receipts Tax Law (33 V.I.C., Chapter 3) and the provi-

sions of the Industrial Incentive Program (33 V.I.C., Subtitle 4), both statutes of the Virgin Islands.

3. The Virgin Islands Board of Tax Review (now the Virgin Islands Industrial Incentive Board) at all times material hereto, constituted an administrative agency of the Virgin Islands authorized to administer the provisions of the Industrial Incentive Program, under the name of the "Tax Exemption Board".

4. The plaintiff, on or about the 4th day of September, 1959, entered into a contract with the Virgin Islands Housing and Urban Renewal Authority, being Contract No. 9, Project VII-5, Oswald E. Harris Housing Project, which Contract related to the construction of a housing project at Charlotte Amalie, St. Thomas, Virgin Islands, for a sum of $3,375,841.00. Pursuant to said contract, the plaintiff engaged in necessary business activities in the Virgin Islands in connection with the construction of the said housing project. The operations of the plaintiff in the Virgin Islands were separate and distinct from plaintiff's operations elsewhere. For the purposes of the project contract, the plaintiff maintained an office with a manager and clerical staff in the Virgin Islands; separate accounts were maintained by the plaintiff for its business activities in the Virgin Islands and for its business activities elsewhere; and the plaintiff's activities in the Virgin Islands were limited to the construction of the housing project in St. Thomas.

5. Subsequent to the commencement of the work under the contract, the plaintiff failed to file the monthly reports or to pay the gross receipts tax pursuant to the provisions of 33 V.I.C., Chapter 3. Thereupon the Commissioner of Finance of the Virgin Islands made arbitrary assessments of the taxes due based on the amounts received by the plaintiff under its contract. The Commissioner of Finance notified the plaintiff, and on February 24, 1961, filed and re-

corded a lien on plaintiff's property for the unpaid taxes.

6. The Virgin Islands Gross Receipts Tax and predecessor statutes, have been consistently interpreted by tax officials of the defendant Government of the Virgin Islands to be restricted in their imposition only to gross receipts wholly derived from business done within the Virgin Islands. The defendant, Government of the Virgin Islands, through its tax officials, has at no time attempted to tax gross receipts of the plaintiff derived from activities outside of the Virgin Islands, either wholly or partially.

7. On February 2, 1960, plaintiff filed an application for benefits under the provisions of the Industrial Incentive Program (33 V.I.C., Subtitle 4). On February 6, 1961, the Board of Tax Review recommended to the Governor the denial of the application on the grounds that the provisions of section 4052 [as of that date] of the Tax Exemption Law contemplated tax exemption for entrepreneurs engaged in developing housing projects who invest the capital required and undertake the risks involved, and not the contractors who are engaged merely in prosecuting the construction work as a servant of the entrepreneurs. On the same date the Governor advised the plaintiff that he concurred with the Board's recommendation and advised plaintiff that its application had been disapproved.

From the foregoing Findings of Fact, the Court makes the following:

CONCLUSIONS OF LAW

■ 1. This Court has jurisdiction over the parties and this cause of action.

■ 2. The courts will not adopt a construction of a statute which would raise novel and important questions as to the constitutionality of the statute, and will not decide the question of constitutionality, where the case may justly and reasonably be decided under a construction by which the

statute is clearly constitutional, particularly where, as in the instant case, the later construction has been adopted by the territorial officials charged with the administration of the act.

■ 3. The Government of the Virgin Islands has power to enact a gross receipts tax statute and apply its provisions to persons engaged in business in the Virgin Islands.

■ ■ 4. Read in context with the entire chapter involved, *33 V.I.C. § 43*, imposing gross receipts taxes, is by its terms apportionable between gross receipts of persons, firms, corporations, etc. derived from business activities within the Virgin Islands and gross receipts derived from activities without the Virgin Islands and is constitutional.

■ 5. *33 V.I.C. § 43* is applicable to the gross receipts of a business conducted in the Virgin Islands only in proportion to the extent of business done in the Virgin Islands, and has no extra-territorial application.

■ 6. Plaintiff's business activities in the Virgin Islands, the construction of the Oswald E. Harris Housing Project, constituted the doing of an "intrastate" business, despite the fact that the plaintiff contractor did similar construction work elsewhere and despite the fact plaintiff shipped materials for itself and its subcontractors in the Virgin Islands from points outside the Virgin Islands.

■ 7. The business activities of the plaintiff in the Virgin Islands did not constitute part of a unitary enterprise conducted by the plaintiff within and without the Virgin Islands, and being clearly separate from business activities conducted by the plaintiff elsewhere, the gross receipts therefrom are properly taxable by the Virgin Islands under the provisions of *33 V.I.C. § 43*.

■ 8. The plaintiff corporation, by virtue of its employment of professional or skilled employees, was not itself engaged in selling its skills or services on an individual or personal basis within the meaning of *33 V.I.C. § 43(a)*.

111

9. The plaintiff corporation is subject to the provisions of *33 V.I.C., Chapter 3*, and the defendant Government of the Virgin Islands is entitled to recover from the plaintiff the amount of all due and unpaid gross receipts taxes on the gross receipts of the said corporation from the construction of the Oswald E. Harris Housing Project in St. Thomas, together with all applicable interest and penalties thereon.

10. The limitation of tax and fee exemptions and subsidy benefits under *33 V.I.C., Subtitle 4*, to corporations organized and established in the Virgin Islands, as provided for under former section 4060 of such subtitle, was based upon a reasonable classification for promoting the economic policy of the Virgin Islands in encouraging the establishment and expansion of business and industry within the Virgin Islands and was a valid exercise of the legislative power.

11. The plaintiff, a Florida corporation, was by the terms of *33 V.I.C., Subtitle 4*, former *Section 4060*, not eligible to receive the benefits of such subtitle.

12. The former *section 4052, 33 V.I.C. Subtitle 4*, contemplated the granting of benefits under such subtitle to the persons, firms, corporation, etc. who made the required capital investment in a housing project, as distinguished from persons, firms, corporation, etc., engaged to perform the actual work of construction.

13. The work performed by the plaintiff contractor or its subcontractors in the actual construction of the housing project did not bring such contractor within the meaning of former *section 4052, 33 V.I.C., Subtitle 4*, so as to make it eligible to receive the benefits of said subtitle because the capital investment for the housing project was not made by the plaintiff.

Judgment dismissing the plaintiff's complaint and in favor of the defendant Government of the Virgin Islands will be entered accordingly.

## JUDGMENT

This matter came on for hearing on several different occasions, the last being July 7, 1964. The plaintiff was represented by Bailey & Wood of St. Thomas, Virgin Islands, William W. Bailey, Esq., of counsel, and by Carey, Terry, Dwyer, Austin, Cole & Stephens of Miami, Florida, John Robert Terry, Esq., of counsel. The Government of the Virgin Islands was represented by Francisco Corneiro, Attorney General of the Virgin Islands. Both parties adduced testimony, introduced exhibits and filed briefs, the last being filed by plaintiff on August 20, 1964.

After due deliberation of the testimony, exhibits and briefs, and after research, the Court having entered its Findings of Fact and Conclusions of Law on the 30th day of December, 1964, it is

ORDERED, ADJUDGED and DECREED, that the complaint of the plaintiff be and the same is hereby dismissed as to both counts thereof, and judgment be entered in favor of the defendant, Government of the Virgin Islands, against the plaintiff, Port Construction Company.

It is FURTHER ORDERED that the plaintiff shall have the opportunity to file the appropriate forms listing the gross receipts of the plaintiff with the Commissioner of Finance for the ascertainment of its gross receipts tax liability. If said forms are not filed within thirty (30) days from the date of this judgment, the arbitrary assessment made by the Commissioner of Finance shall be the amount of taxes due and owing on the plaintiff's gross receipts from the construction of the Oswald E. Harris Housing Project in St. Thomas, Virgin Islands, together with all applicable interest and penalties thereon.