**VIRGO CORPORATION, Plaintiff**

**v.**

**RALPH M. PAIEWONSKY, Governor,**
**MORRIS F. deCASTRO, Director of the Budget, and**
**GOVERNMENT OF THE VIRGIN ISLANDS, Defendants**

No. 37-1966

District Court of the Virgin Islands

Div. of St. Croix

June 2, 1966

As Amended June 9, 1966

*See, also, 254 F.Supp. 405*

RUSSELL B. JOHNSON, Christiansted, St. Croix, Virgin Islands; WILLIAM SIMON, Washington, D.C. (HOWREY, SIMON, BAKER & MURCHISON, of counsel), *for plaintiff*

FRANCISCO CORNEIRO, Atty. General of Virgin Islands, *for defendant*

GORDON, *District Judge*

### MEMORANDUM OPINION

The plaintiff has brought a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure for a summary judgment in its favor for the relief requested in its complaint. Plaintiff in its complaint seeks a declaratory judgment that §§ 511–518, Chapter 9, Title 33 V.I.C. as

amended by Act No. 1631 be declared null and void. Plaintiff in its complaint further seeks a permanent injunction prohibiting the defendant, Virgin Islands Government's employees, from enforcing any statute directly or indirectly levying a tax on watches shipped from the Virgin Islands to the United States.

## I

The history, in brief, leading to this action is that the plaintiff and defendants herein were similarly plaintiff and defendants in this Court's Case No. 165-1965 testing §§ 511–518, Chapter 9, Title 33 of V.I.C. as created by Bill No. 2638—Sixth Legislature of the Virgin Islands (Exhibit A herein).

On March 14, 1966, this Court issued its Memorandum Decision in said Case No. 165-1965. On March 16, 1966, this Court issued an order granting to plaintiff in that case a summary judgment invalidating said law.

On March 16, 1966, in Special Session, the Virgin Islands Legislature passed Act No. 1631 (Exhibit E herein) entitled An Act to Amend Certain Provisions of Chapter 9, Title 33 of V.I.C. Relating to Production Taxes on Watches Manufactured in the Virgin Islands.

On March 22, 1966, that Act was approved by the Governor of the Virgin Islands.

That Bill amended in particular § 511(a) and (b); § 513, § 514(a), (b), (d)(1) and (3) and § 515.

Pursuant to said Act the plaintiff herein was sent a letter dated April 19, 1966, from the Director of the Budget of the Virgin Islands setting forth a list of preliminary regular quotas for April 1, 1966, to March 31, 1967, which list included plaintiff's preliminary regular quota.

On March 29, 1966, plaintiff filed its complaint in this action. On May 3, 1966, defendants filed their answer.

On May 9, 1966, plaintiff brought on this motion for summary judgment based upon its verified complaint and at-

tached affidavits. Defendants have filed no opposing affidavits nor documents of any kind.

## II

It appears from the record herein that there does not exist material issues of fact in this case and the Court therefore will decide this case pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## III

Plaintiff in its complaint (page 5, paragraph 14) alleges as follows: "The invalidity of §§ 511–518, Chapter 9, Title 33 of V.I.C., as amended, has been determined by this Court and its Judgment, Exhibit D, is res adjudicata." In connection therewith plaintiff in its complaint also alleges (page 5, paragraph 15): "Sections 511–518, Chapter 9, Title 33 of V.I.C., as amended, are null and void because they: (a) Contravene the provisions of (i) the Revised Organic Act of the Virgin Islands (48 U.S.C.A. § 1406i) which provides that 'no export duties shall be levied in the Virgin Islands except by Congress' . . .".

Defendants raise by oral argument that the Act as amended is a tax upon manufacturing on its face and not a tax upon exports and therefore is valid. Defendants assert that a State can tax manufacturing within its borders and defendants cite Port Construction Co. v. The Government of the Virgin Islands, 5 V.I. 105, 237 F.Supp. 486. Defendants' position is that the wording of the amended § 511(a) imposes a tax upon watches, clocks and timing apparatus manufactured in the Virgin Islands when sold or removed for sale, consumption or use and defendants therefore contend that this amendment creates a new tax and that that tax is by the wording of the new Act and upon its face a tax upon manufacturing and that the Court should accept it as such. Defendants assert that the plain-

tiff is not engaged in manufacturing and selling watches in interstate and foreign commerce. Based upon the affidavits and documents on file that assertion is not founded.

## IV

The following for comparison are the §§ 511–518 of Chapter 9, Title 33 which the Court determined invalid by its order of March 16, 1966 and Act No. 1631 containing the amended sections in issue:

*"ACT 1518*

"Sec. 511(a) There shall be imposed upon watches manufactured in the Virgin Islands, when sold or removed for sale, consumption or use, a tax at the rate of $2.50 per watch.

"(b) A credit of $2.47 per watch shall be allowed upon:

"(1) watches manufactured and sold for disposition in the course of retail trade in the Virgin Islands;

"(2) watches manufactured and exported to other than the customs area of the United States;

"(3) watches manufactured pursuant to a quota allocated to such manufacture in accordance with the provisions of sections 512 or 513 of this chapter.

"(c) For the purpose of sections 511 through 518 of this chapter, 'Watches manufactured in the Virgin Islands' includes not only all watches resulting from the processing of raw materials or other component parts, whether by hand or machinery or both, but also all watches mechanical or otherwise, or assembly of watch movements with respect to which substantial industrial operations are undertaken in the Virgin Islands which, in the judgment of the Governor of the Virgin Islands, affect the economic stability and the commercial relations of the Virgin Islands.

"(d) The manufacturer liable for the payment of tax hereunder shall in each case submit such proof as may be required by the Governor as is satisfactory to establish the rate or rates of tax applicable under subsections (a) and (b) of this section to the watch production of such manufacturer.

"(e) It shall be obligatory that the tax imposed by subsection (a) of this section be paid periodically, either by the manufacturer, an immediate or secondary purchaser from the manu-

facturer, or a contract or common carrier, at such intervals and in accordance with such rules and regulations as shall be adopted pursuant to this title by the Governor.

"Sec. 512. An amount of 1,800,000 units of watches is hereby established as the maximum amount of watch production consistent with the protection of the economic stability and commercial relations of the Virgin Islands for the period October 1, 1965, to March 31, 1966. Of this amount, the Governor is authorized to allocate 1,500,000 units among manufacturers of watches having a continuous watch manufacturing and shipping record in the Virgin Islands since October 1, 1964, in accordance with the procedure and criteria set forth in section 514 of this chapter. The remaining 300,000 units of watches is reserved as a quantity to be granted in order to relieve against severe financial hardship, and to permit allocation to new manufacturers. All units of watches allocated as quotas to manufacturers under this section shall be entitled to a $2.47 credit per watch.

"Sec. 513(a) For each 12-month period subsequent to March 31, 1966, the Governor shall determine, after due investigation, the total annual consumption of watches of all kinds in the customs area of the United States and shall allocate among the manufacturers of watches in the Virgin Islands on that date in accordance with the criteria set forth in section 514(b) such number of units as shall total 1/9 of annual consumption.

"(b) Of the maximum amount of watch production determined in accordance with subsection (a) of this section, not to exceed five percent shall be reserved as a quantity to supplement quotas allocated to manufactures and to relieve against severe financial hardship, in accordance with the provisions of section 515 of this chapter. The Governor is authorized to allocate the remainder among manufacturers of watches in the Virgin Islands in accordance with the procedure and criteria set forth in section 514 of this chapter. All units of watches allocated as quotas to manufacturers under this section shall be entitled to $2.47 credit per watch.

"Sec. 514(a) Each person engaged or proposing to engage in the manufacture of watches in the Virgin Islands may apply to the Governor for an allocation of the amount of watch production entitled to the $2.47 credit. Such application shall be in writing, shall be on such forms, and shall contain such information, duly certi-

fied by independent accountants or auditors as may be required by the Governor in accordance with the provisions of sections 511 to 518 of this chapter or regulations thereunder.

"(b) Except as to such portions thereof as shall have been set aside as a reserve, the total maximum amount of watch production entitled to the $2.47 credit per watch shall be allocated for specific periods among applicants in accordance with the following criteria:

"(1) 66⅔ percent of such amount shall be apportioned among manufacturers in accordance with their respective percentages of total payroll in the Virgin Islands subject to Social Security taxation (exclusive of managerial or administrative personnel) incurred in watch manufacture; for disposition in the course of retail trade in the Virgin Islands; for export to other than the customs area of the United States; and for watches manufactured pursuant to a quota allocation in accordance with Sections 512 or 513 of this chapter; for such six-month period nearest to the beginning of the period involved as the Governor may determine to be feasible.

"(2) 33⅔ percent of said amount shall be apportioned among manufacturers in proportion to the total number of watches:

manufactured and sold for disposition in the course of retail trade in the Virgin Islands;

exported to other than the customs area of the United States; and manufactured and shipped under quota allocation to the customs area of the United States;

during the same six-month period as provided for in (1) above.

"(c) The Governor shall have the authority to grant an application on temporary basis during such period as may be necessary to conduct and make determinations in accordance with investigations pursuant to section 513(a) or to make final disposition of application.

"(d) The Governor may upon due notice and hearing, refuse an application for an allocation or may revoke, modify or suspend an apportionment made to a manufacturer hereunder as in his judgment may be necessary to protect the economic stability and the commercial relations of the Virgin Islands upon a finding that

365

"(1) the manufacturer is not in good faith organized for the purpose of the manufacture of watches in the Virgin Islands; or

"(2) the application is or was made for the purpose of frustrating or defeating the purposes of this chapter in protecting the economic stability and commercial relations of the Virgin Islands; or

"(3) the manufacturer has discontinued the manufacture of watches in the Virgin Islands; except that (i) a temporary interruption of production attributable to normal business reasons shall not be deemed in itself a discontinuance of manufacture of watches within the meaning of this subparagraph, and (ii) nothing in this subparagraph shall prohibit the sale of a business to which a quota has been assigned, but no quota may be purchased or sold apart from the sale of the business;

"(4) the manufacturer has misrepresented material facts in connection with his application, or has failed or refused to submit information as required; or

"(5) the manufacturer has failed to utilize wholly or partially, the quota assigned to him.

"(e) In the apportionment of quotas to a manufacturer hereunder, the Governor is authorized to take into account, and to make a corresponding deduction, watch for watch, where such is in his judgment necessary to protect the economic stability and the commercial relations of the Virgin Islands, of any quantity of watches shipped to the customs area of the United States by the same manufacturer, or a firm corporately or personally affiliated, from any other territory or possession of the United States.

"(f) Whenever the Governor shall determine upon due notice and hearing, that all or part of a quota allocated to a manufacturer shall remain unused at the end of a quota period, he may cancel the allocation, in whole or in part, as the case may be, and such allocation, in whole or in part may be reallocated to another manufacturer or placed in the reserves provided for in section 512 or 513(b) of this chapter.

"Sec. 515. In making grants out of the reserve amount provided for in sections 512, and 513(b) of this chapter, the Governor

366

shall give special weight to the maintenance and promotion of employment, and to the complete assembly of watches from individual component parts and other characteristics of production contributing special value to the Virgin Islands. The Governor shall also take into account, but is not limited to the consideration of the following factors: investment in plant and equipment for watchmaking in the Virgin Islands; minimum quantities required for production without loss, and abnormal or unforeseeable economic circumstances.

"Sec. 516. The Governor is authorized to designate such individuals or groups from time to time as he may deem necessary for the purpose of assisting or advising him in the performance of his duties and responsibilities, and the exercise of his authority under the provisions of sections 511 to 518 of this chapter.

"Sec. 517. The Governor shall have authority to issue such rules, regulations and requirements as he may deem necessary or appropriate to effectuate and implement the provisions of sections 511 to 517 of this chapter, including but not limited to the prescribing of forms and requirements of reports and the issuance of stamps or other evidence of payment of taxes.

"Sec. 518. Any decision or determination made by the Governor under the provisions of this chapter as to questions of fact shall be deemed final in any proceedings in any court except upon a conclusive showing that such decision or determination was arbitrary or fraudulent. The commencement of any proceedings in any court shall not operate as a stay of collection of any tax imposed by this chapter, or of compliance with any provisions of the same or any rules, regulations or orders issued thereunder.

"SECTION 2. This Act shall become effective upon approval by the the Governor.

"Thus passed by the Legislature of the Virgin Islands on August 25, 1965.

"Witness our Hands and the Seal of the Legislature of the Virgin Islands this 25th Day of August A.D. 1965.

"/S/ Earle B. Ottley  /S/ David Puritz
President  Legislative Secretary"

"ACT 1631

"BILL NO. 2780

"To Amend Certain Provisions of Chapter 9, Title 33 of the Virgin Islands Code Relating to Production Taxes on Watches Manufactured in the Virgin Islands.

"BE IT ENACTED by the Legislature of the Virgin Islands:

"Section 1. Subsection (a), section 511 of Title 33 of the Virgin Islands Code is hereby amended to read as follows:

" '§ 511. (a) There shall be imposed upon watches, clocks and timing apparatus manufactured in the Virgin Islands, when sold, or removed for sale, consumption or use, a tax at the rate of $2.50 per watch.'

"Section 2. Subsection (b), section 511 of said Title 33 is amended to read:

" '(b) For the purpose of sections 511 through 518 of this chapter, "Watches, clocks and timing apparatus manufactured in the Virgin Islands" includes not only all watches, clocks and timing apparatus resulting from the processing of raw materials or other component parts, whether by hand or machinery or both, but also all watches, clocks and timing apparatus, mechanical or otherwise, or assembly of watch or clock movements or timing apparatus with respect to which substantial industrial operations are undertaken in the Virgin Islands which, in the judgment of the Governor of the Virgin Islands, affect the economic stability and the commercial relations of the Virgin Islands.'

"Section 3. Section 513 of said Title 33 is amended to read as follows:

" '(a) For each 12-month period subsequent to March 31, 1966, the Governor shall determine, after due investigation, the total annual consumption of watches of all kinds within the customs area of the United States during the latest calendar year and shall allocate among manufacturers of watches in the Virgin Islands during each 12-month period subsequent to March 31, 1966, in accordance with the criteria set forth in section 514(b) of this Title, such number of units as shall total 1/9 of such annual consumption. In the event that total annual consumption of watches of all kinds within the customs area of the United States during the latest calendar year cannot be determined as of April 1 of the year fol-

lowing, the Governor is authorized to make preliminary and partial allocations on that date, which allocations shall be taken into account when consumption data for such latest calendar year becomes available. If the annual consumption total for the latest calendar year is revised by the United States Tariff Commission during any such 12-month period, the Governor is authorized to make appropriate and corresponding adjustment of the allocations made to Virgin Islands manufacturers.

" '(b) If in any 12-month period subsequent to March 31,1966, clocks, or timing apparatus other than watches are produced in the Virgin Islands, the Governor shall determine, after due investigation, the total annual consumption of clocks and the total annual consumption of the same or similar timing apparatus in the customs area of the United States and shall allocate among 1) Virgin Islands manufacturers of clocks and/or 2) Virgin Islands manufacturers of timing apparatus other than watches, such number of units as shall total 1/9 of such annual consumption of clocks and such number of units as shall total 1/9 of such timing apparatus other than watches. Such allocations shall be in accordance with provisions established herein with respect to watches. In the event that a manufacturer produces more than one category of products for which allocation is to be made, his allocation for each category of product shall be separately determined and an apportionment of his payroll reported under section 514(b) (1) of this title shall be required to be made, in accordance with such rules and regulations as shall be adopted by the Governor.

" '(c) Of the maximum amount of production of watches, clocks or timing apparatus determined in accordance with subsections (a) and (b) of this section not to exceed five percent in each category shall be reserved as a quantity to supplement quotas allocated to manufacturers and to relieve against severe financial hardship, in accordance with the provisions of section 515 of this chapter. The Governor is authorized to allocate the remainder among manufacturers in the Virgin Islands of watches, clocks or timing apparatus in accordance with the criteria set forth in section 514 of this chapter. In the event that a manufacturer produces more than one category of products for which an allocation is to be made, his allocation for each category of product shall be separately determined and an apportionment of his payroll reported under section 514(b) (1) of this chapter shall be required to be made in accordance with such rules and regulations as shall be adopted by the Governor.'

369

"Section 4. Subsections (a) and (b) of section 514 of said Title 33 are amended to read as follows:

" '514. (a) Each person engaged or proposing to engage in the manufacture of watches, clocks or tuning apparatus in the Virgin Islands may apply to the Governor for an allocation of the amount of production for each such category entitled to the $2.47 credit. Such application shall be in writing, shall be on such forms, and shall contain such information, duly certified by independent accountants or auditors as may be required by the Governor in accordance with the provisions of sections 511 to 518 of this chapter or regulations thereunder.

" '(b) Except as to such portions thereof as shall have been set aside as a reserve, the total maximum amount of watch, clock or timing apparatus production entitled to the $2.47 credit per watch shall be allocated for specific periods among applicants in accordance with the following criteria:

" '(1) 66 2/3 percent of such amount shall be apportioned among manufacturers in accordance with their respective percentages of total payroll in the Virgin Islands subject to Social Security taxation (exclusive of managerial or administrative personnel) incurred in manufacture of watches, clocks, or timing apparatus; for disposition in the course of retail trade in the Virgin Islands; for export to other than the customs area of the United States; and for watches, clocks or timing apparatus manufactured pursuant to a quota allocation in accordance with sections 512 or 513 of this chapter; for such six-month period nearest to the beginning of the period involved as the Governor may determine to be feasible.

" '(2) 33 2/3 percent of said amount shall be apportioned among manufacturers in proportion to the total number of watches, clocks or units of timing apparatus; manufactured and sold for disposition in the course of retail trade in the Virgin Islands; exported to other than the customs area of the United States; and manufactured and shipped under quota allocation to the customs area of the United States; during the same six-month period as provided for in (1) above.'

"Section 5. Subparagraphs (1) and (3) of subsection (d), section 514 of said Title 33 are amended to read as follows:

370

" '(1) the manufacturer is not in good faith organized for the purpose of the manufacture of watches, clocks or timing apparatus in the Virgin Islands; or

" '(3) the manufacturer has discontinued the manufacture of watches, clocks or timing apparatus in the Virgin Islands; except that (i) a temporary interruption of production attributable to normal business reasons shall not be deemed in itself a discontinuance of manufacture within the meaning of this subparagraph, and (ii) nothing in this section shall prohibit the sale of a business to which a quota has been assigned, but no quota may be purchased or sold apart from the sale of the business.'

"Section 6. Subsection (e), section 514 of said Title 33 is amended to read as follows:

" '(e) In the apportionment of quotas to a manufacturer hereunder, the Governor is authorized to take into account, and to make a corresponding deduction, unit for unit of the category of product, where such is in his judgment necessary to protect the economic stability and the commercial relations of the Virgin Islands, of any quantity of watches, clocks or units of timing apparatus shipped to the customs area of the United States from any other territory or possession of the United States by the same manufacturer, or by subsidiary wholly or partially owned by it, a corporation with substantially the same stockholders or officers, or any non-corporate business organization a substantial financial interest in which is held by such manufacturer, or by its officers or stockholders.'

"Section 7. Section 515 of said Title 33 is amended by deleting from the last sentence thereof the words 'for watchmaking'.

"Section 8. This Act shall become effective upon approval by the Governor.

"February 16, 1966"

## V

In comparing the two it will be noted that in both Acts, § 511(a) imposes a tax of $2.50 each upon watches manufactured in the Virgin Islands when sold or removed for sale, consumption or use (clocks and timing apparatus also have been included throughout by Act No. 1631).

The credit in § 511(b) of the previous Act of $2.47 per watch if sold retail in the Virgin Islands, shipped to other

than the United States customs area or manufactured per the quota established was eliminated in the Act in issue and was replaced by § 511(d)[1] which provided that the rate of tax imposed shall be 3¢ per watch, clock or timing apparatus *upon the amount of production* (italics supplied) for each said unit produced within the quota established by the Governor and $2.50 per each said unit in excess.

Section 513(a) as newly amended provides *as did its predecessor* that the *total quota* to be allocated shall equal 1/9 of the total watches *consumed within the customs Area of the United States* (§ 513(b) of the new Act provides similarly for clocks and timing apparatus).

## VI

■ It is clearly held by the United States Supreme Court in the following cases that the Court in determining the validity of a tax statute shall concern itself with the practical operation of the tax, that is, substance rather than form. American Oil Company v. Neill 380 U.S. 451, 455 (1965). "In resolving the issue (this Court is) not concluded by the name or description of the tax as found in the act; (this Court's) duty is to ascertain its nature and effect". Stewart Dry Goods Company v. John B. Lewis, 294 U.S. 550–580.

■ As stated by the United States Supreme Court in Galveston, Harrisburg and San Antonio Railway Co., et al. v. State of Texas, 210 U.S. 217 "Neither the State Court nor the legislatures, by giving the tax a particular name or by the use of some form of words, can take away our duty to consider its nature and effect". See also Postal Telegraph Cable Co. v. Wirt Adams, Revenue Agent of the State of Mississippi, 155 U.S. 688, 698, 39 L.Ed. 311, 316, 15 S.Ct. 268.

[1] So in original. Probably refers to § 513(d).

Act No. 1631 states at one point that it taxes production of units (§ 511(d)[1] and at another point that it taxes the sale or removal for sale of said items (§ 511(a)).

The Act as amended does not levy a flat tax upon all production nor does it levy a graduating tax upon all production. It does however (as did its predecessor Act) create a quota effecting the tax rate. This quota is geared to *previous annual consumption of watches in the customs area of the United States.* This quota foundation is identical to the quota foundation of the predecessor Act.

Act No. 1631 imposes (as did Act No. 1518) a tax of 3¢ per unit on items within the quota allocation and $2.50 per unit on those items in excess of the quota or to be sold outside of the United States Customs area. This wide tax rate gap is suggestive of a regulatory rather than a revenue raising measure based upon production.

Whatever differences that do exist in the wording of the two Acts either accomplish the same results or are insignificant.

The legislative history of this amended act shows its passage by the Legislature on March 16, 1966 the very same day that this Court declared the original §§ 511–518 of Chapter 9, Title 33 to be invalid. The amended Act was approved by the Governor on March 22, 1966.

In 1965 total watch production in the U.S. Virgin Islands approximated 3,671,906 units of which 3,578,000 units were shipped to the United States—in other words approximately 97.4% of the Virgin Islands watch production was shipped to the United States for sale. Therefore, a tax upon watch production in the Virgin Islands or upon watches sold or removed for sale in reality taxes watches exported to the United States Customs area.

---

[1] So in original. Probably refers to § 513(d).

# VII

The United States Supreme Court has said: "If by varying the form—that is to say, if by using one name for a tax instead of another, or imposing a tax in terms upon one subject where another is in reality aimed at,—the substance and effect of the imposition may be changed, constitutional limitations on powers of taxation would come to naught. The rule is otherwise". ". . . The fact that a tax ostensibly laid upon a taxable subject is to be measured by the value of a nontaxable subject at once suggests the probability that it was the latter rather than the former that the lawmaker sought to reach. If inquiry discloses persuasive grounds for the conclusion that such is the real purpose and effect of the legislation, the tax cannot be upheld without subverting the well established rule that 'what cannot be done directly because of constitutional restriction cannot be accomplished indirectly by legislation which accomplishes the same result' . . . ." Fairbanks v. United States 181 U.S. 283, 294, 300 L.Ed. 862, 869, 21 S.Ct. Rep. 648; Macallen Company v. Commonwealth of Massachusetts 279 U.S. 620 (1929).

Act No. 1631 although somewhat different in language than Act No. 1518 nevertheless has the same effect. The result accomplished is the same result accomplished by Act 1518. This Court therefore must find §§ 511–518, Chapter 9, Title 33 of V.I.C. as amended by Act No. 1631 as invalid as it found said sections created by Act No. 1518 and therefore declare §§ 511–518, Chapter 9, Title 33 of V.I.C. as amended by Act No. 1631 null and void for the reason it is an export duty upon watches entering the customs area of the United States and by reason thereof said amended Act is in contravention of § 36 of the Organic Act of the Virgin Islands of the United States (June 22, 1936, ch. 699, 49 Stat. 1816, 48 U.S.C. 1406i).

374

For United States Supreme Court cases in point on this subject see:

Stewart Dry Goods Company v. John B. Lewis 294 U.S. 550–580 (1935)

Charles I. Dawson, Attorney General of the State of Kentucky et al. v. Kentucky Distilleries and Warehouse Company 255 U.S. 638, 65 L.Ed. 638, 41 S.Ct. 272

St. Louis Cotton Compress Co. v. State of Arkansas 260 U.S. 346, 67 L.Ed. 297, 43 S.Ct. 126

Samuel C. Cook v. Commonwealth of Pennsylvania 97 U.S. 566, 24 L.Ed. 1015

Crew Levick Co. v. Commonwealth of Pennsylvania 245 U.S. 292, 62 L.Ed. 295, 38 S.Ct. 126

Galveston, Harrisburg and San Antonio Railway Co. et al. v. State of Texas, 210 U.S. 217, 52 L.Ed. 1031, 28 S.Ct. 638

This case having been decided on the above grounds, the additional grounds alleged by the plaintiff need not be determined. For the above reasons cited, the motion of the plaintiff for summary judgment upon its complaint seeking a declaratory judgment pursuant to 28 U.S.C. 2201–2 and §§ 1261–73, Chapter 89, Title 5 of V.I.C. that §§ 511 to 518, Chapter 9, Title 33 of V.I.C. as amended by Act No. 1631 are invalid, null and void is hereby granted.

This Court has considered plaintiff's request for injunctive relief and in view of this Court's decision above declaring the amended Act invalid, the Court deems that said injunctive relief is not necessary and plaintiff's request for said relief is therefore denied.