

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-17-1999

# Govt of V.I. v. United Ind Workers

Precedential or Non-Precedential:

Docket 98-7148

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation

"Govt of V.I. v. United Ind Workers" (1999). *1999 Decisions.* Paper 41.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/41

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed February 17, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-7148

GOVERNMENT OF THE VIRGIN ISLANDS;
DEPARTMENT OF JUSTICE

        Appellants

v.

UNITED INDUSTRIAL WORKERS, N.A., SEAFARERS
INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO;
LAWRENCE ACKER

On Appeal from the District Court
of the Virgin Islands, Appellate Division
(St. Croix)
(D.C. No. 92-cv-00022)
District Judge: Honorable Thomas K. Moore

Argued Thursday, December 10, 1998

BEFORE: ROTH, LEWIS and GARTH, Circuit Judges

(Opinion filed February 17, 1999)

Julio A. Brady
Attorney General

Paul J. Gimenez (Argued)
Maureen P. Cormier
Solicitor General
Department of Justice
48B–50C Kronprindsens Gade
GERS Building – 2nd Floor
St. Thomas, U.S.V.I. 00802

Attorneys for Appellants

Eszart A. Wynter, Sr. (Argued)
Law Offices of Eszart A. Wynter
#27 Estate Whim, P.O. Box 1847
Frederiskted, St. Croix, U.S.V.I.
 00841

Attorney for Appellees

OPINION OF THE COURT

GARTH, Circuit Judge:

This case presents the issue of whether the Virgin Islands Writ of Review statute, 5 V.I.C. SS 1421–23, provides the Territorial Court of the Virgin Islands with jurisdiction to review an employment arbitration decision that binds the Government of the Virgin Islands in its role as an employer. We are also faced with the question of whether the Federal Arbitration Act ("FAA"), 9 U.S.C. SS 1–16, applies in the Territorial Court.

We hold that the Writ of Review statute gives the Territorial Court jurisdiction to review actions of government actors only, as distinct from private actors. Because the arbitrator whose conduct is at issue here was not a government actor, the Writ of Review statute cannot apply to the instant case. We also hold that the provisions of the FAA and the standards developed by our jurisprudence in reviewing arbitrations under the FAA are enforceable in the Territorial Court.

I.

Defendant Lawrence Acker commenced his employment
with plaintiff Virgin Islands Department of Justice ("DOJ")
as an Assistant Attorney General in the fall of 1987. The
DOJ alleges that Acker took unauthorized leaves of
absences beginning in 1988 and continuing into early
1990. In the spring of 1990, the DOJ suspended Acker,
giving sixteen reasons for doing so, pending review of his
alleged unauthorized absences and withheld his pay.
Acker's union, defendant United Industrial Workers of
North America, Seafarers International Union, AFL-CIO
("Union"), filed a grievance on Acker's behalf.

Pursuant to the Collective Bargaining Agreement ("CBA")
between the DOJ and the Union, the DOJ and the Union
met to discuss the grievance ("Grievance Meeting"), but
their efforts produced no solution. The Union demanded
arbitration, again pursuant to the CBA, and the DOJ and
the Union selected an arbitrator, Robert A. Ellison
("Arbitrator"), to conduct the arbitration.

Before deciding the substantive issue of Acker's
suspension and termination, the Arbitrator considered and
decided two procedural arguments raised by the DOJ. First,
the DOJ claimed that Acker's grievance had not been timely
filed. The Arbitrator decided that Acker's grievance had
been filed within the specified ten days provided in the CBA
after he received his termination letter on March 15, 1990.[1]
Second, the DOJ argued that although Acker was present
at the Grievance Meeting, his behavior at the Grievance
Meeting amounted to a failure to participate, which was a
waiver of the right to arbitrate.[2] The Arbitrator rejected this
argument as well. On the substantive issue of Acker's
termination, the Arbitrator ruled that the DOJ's decision to
terminate Acker was unjust and he ordered Acker to be
reinstated with back-pay.

_____

1. The DOJ had argued that the dispute "ripened" on February 12, 1990,
the date on which Acker's termination was effective. However, the
termination letter was dated March 15, 1990.

2. The appellate record does not specify the particulars of Acker's
conduct at the Grievance Meeting.

3

The DOJ filed a Writ of Review under 5 V.I.C.SS 1421-23 in the Virgin Islands Territorial Court ("Territorial Court"), seeking vacation of the arbitration award. The Writ of Review statute provides:

> Any party to any proceeding before or by any officer, board, commission, authority, or tribunal may have the decision or determination thereof reviewed for errors therein as prescribed in this chapter and the rules of court. Upon the review, the court may review any intermediate order involving the merits necessarily affecting the decision or determination sought to be reviewed.

5 V.I.C. S 1421 (1997).3 The DOJ asserted in the Territorial Court that the Arbitrator was biased because he had rented office space from counsel for the Union. The DOJ also argued to the Territorial Court, as it had to the Arbitrator, that the Arbitrator did not have jurisdiction over Acker's grievance because Acker did not meaningfully participate in the Grievance Meeting.

The Territorial Court held that it did not have subject matter jurisdiction because 5 V.I.C. S 1421 only permitted review of actions of governmental officers or entities. The Territorial Court further held that the Federal Arbitration

_____

3. 5 V.I.C. S 1422 provides:

> The writ of review shall be allowed in all cases where there is no appeal or other plain, speedy, and adequate remedy, and where the officer, board, commission, authority, or tribunal in the exercise of his or its functions appears to have exercised such functions erroneously, or to have exceeded his or its jurisdiction, to the injury of some substantial right of the plaintiff.

5 V.I.C. S 1423 provides:

> Upon the review provided for in this chapter the court shall have power to affirm, modify, reverse, or annul the decision or determination reviewed, and, if necessary, to award restitution to the plaintiff, or, by mandate, direct the officer, board, commission, authority, or tribunal to proceed in the matter reviewed according to its decision. From the judgment of the district court on review an appeal may be taken in like manner and with like effect as from a judgment of such district court in a civil action.

Act, 9 U.S.C. SS 1-16, barred any review of the Arbitrator's decision.

The DOJ appealed to the District Court of the Virgin Islands, Appellate Division ("District Court"), which agreed with the Territorial Court that 5 V.I.C. S 1421 did not provide the Territorial Court with subject matter jurisdiction: "[W]e hold that the Territorial Court does not have jurisdiction to review a private arbitrator's decision under the Writ of Review statute." Government of the Virgin Islands v. United Industrial Workers of Am., D.C. Civ. App. No. 1992-022 (D.V.I. App. Div. Dec. 1, 1997), at 10. However, the District Court went on to hold that the Territorial Court did have jurisdiction to review the Arbitrator's decision. First, Virgin Islands substantive law, which incorporates rules of the common law in absence of local law to the contrary, see 1 V.I.C.S 4, provides that a court may enforce an arbitration award. See Restatement (Second) Contracts S 345(f).4 Second, section 2 of the FAA5 requires a court to review the validity, irrevocability, and enforcement of agreements to arbitrate. The District Court held that the FAA's substantive provision in section 2 applies to both federal and state courts, Southland Corp. v. Keating, 465 U.S. 1, 16 (1984),6 and that the Territorial

_____

4. Restatement (Second) Contracts S 345(f) provides:

        The judicial remedies available for the protection of interests stated
        in S 344 [expectation, reliance, or restitution interests] include a
        judgment or order . . . (f) enforcing an arbitration award

5. 9 U.S.C. S 2 provides:

        Validity, irrevocability, and enforcement of agreements to arbitrate

        A written provision in any maritime transaction or a contract
        evidencing a transaction involving commerce to settle by arbitration
        a controversy thereafter arising out of such contract or transaction,
        or the refusal to perform the whole or any part thereof, or an
        agreement in writing to submit to arbitration an existing controversy
        arising out of such a contract, transaction, or refusal, shall be valid,
        irrevocable, and enforceable, save upon such grounds as exist at law
        or in equity for the revocation of any contract.

6. See also Virgin Islands Hous. Auth. v. Coastal General Constr. Services Corp., 27 F.3d 911, 915–16 (3d Cir. 1994).

Court is a state court for this purpose. See Harris v. Boreham, 233 F.2d 110, 113-14 (3d Cir. 1956).

The District Court recognized that the United States Supreme Court has not ruled definitively on whether the procedural FAA provisions apply in a state or territorial court. The District Court ruled, however, based upon Supreme Court dicta and other precedents, that the procedural provisions in sections 3 and 4 of the FAA (orders to stay and to compel arbitration), applied in the Territorial Court.

The DOJ timely filed its notice of appeal of the District Court's December 1, 1997 order on December 30, 1997. We exercise jurisdiction pursuant to 28 U.S.C. S 1291 and Section 23A(c) of the Revised Organic Act of 1954, 48 U.S.C. S 1613a(c).

II.

As both the Territorial Court and the District Court concluded, the plain language of the Writ of Review statute contemplates review of actions taken by the Government of the Virgin Islands qua government. The Arbitrator was neither a government employee, nor was he associated with the government. Accordingly, S 1421, which authorizes a Writ of Review only when the proceeding is before an "officer, board, commission, authority, or tribunal [government actors]," is inapplicable here.

We therefore reject the two arguments made by the DOJ. First, the DOJ criticizes the Territorial Court for disregarding Territorial Court prior decisions that read the Writ of Review statute more broadly, entertaining jurisdiction under S 1421 of other than governmental determinations. Those decisions, as the District Court pointed out, are not binding on either the Appellate Division or, as we observe, on this court. Second, the DOJ argues that because the DOJ was a party to the contract, a statute providing review of government actions applies to the decision of the Arbitrator concerning such an employment contract. Because the DOJ does not have to agree to arbitration in its employment contracts, it argues, it may obtain review of the arbitration decision under the

6

Writ of Review statute. We reject this argument as well because the Government of the Virgin Islands is acting here as a litigant, the employer, and not as a governmental adjudicatory body.

III.

A.

We must next consider whether the FAA applies to local matters litigated in the Territorial Court. Congress enacted the FAA pursuant to its power to define the jurisdiction of the federal courts and pursuant to the Commerce Clause. Congress, and thereafter the courts, intended to override the then-current federal courts practice of not favorably regarding arbitration clauses in contracts. "The basic purpose of the Federal Arbitration Act is to overcome courts' refusals to enforce agreements to arbitrate." Allied–Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 270 (1995) (citing Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 474 (1989)). As the District Court stated and as we agree, the Territorial Court is a state court for purposes of the FAA. See Harris v. Boreham, 233 F.2d 110, 113–14 (3d Cir. 1956).

The FAA thus mandates that federal courts not review substantive decisions of arbitrators. Review of arbitration decisions is severely restricted and limited to, among other things, fraud, impartiality, or lack of jurisdiction. See 9 U.S.C. S 10(a); see, e.g., Matteson v. Ryder Sys., Inc., 99 F.3d 108 (3d Cir. 1996); High Concrete Structures, Inc. v. United Elec., Radio & Mach. Workers of Am., 879 F.2d 1215 (3d Cir. 1989); Apex Fountain Sales, Inc. v. Kleinfeld, 818 F.2d 1089 (3d Cir. 1987); Sun Ship, Inc. v. Matson Navigation Co., 785 F.2d 59 (3d Cir. 1986); Virgin Islands Nursing Association's Bargaining Unit v. Schneider, 668 F.2d 221 (3d Cir. 1981); Bender v. Smith Barney, Harris Upham & Co., Inc., 901 F. Supp. 863 (D.N.J. 1994), aff'd, 67 F.3d 341 (3d Cir. 1995). Although the FAA applies by its terms to cases in federal courts, 9 U.S.C. #8E8E # 3–4, in Southland Corp. v. Keating, 465 U.S. 1 (1984), and Allied–Bruce Terminix Companies v. Dobson, 513 U.S. 265 (1995),

7

the Court reaffirmed that the FAA also applies in state courts to the extent that an arbitration provision affects interstate commerce. See also Virgin Islands Hous. Auth. v. Coastal Gen. Constr. Services Corp., 27 F.3d 911, 915 (3d Cir. 1994). Thus, in order for the FAA to apply in the Territorial Court, the arbitration at issue must affect interstate commerce as defined by Allied-Bruce.

The District Court, in its opinion, stated that the Virgin Islands had not adopted statutes making the FAA applicable to the Virgin Islands Territorial Courts, and we are aware that the issue remains unsettled. The District Court, however, directed the Territorial Court, which is where arbitration decisions are to be enforced (or vacated) to "look to the substantive and procedural body of federal arbitration law for guidance in enforcing arbitration agreements." Government of the Virgin Islands v. United Industrial Workers of Am., D.C. Civ. App. No. 1992-022 (D.V.I. App. Div. Dec. 1, 1997), at 16.

We are of course aware of the Southland and Allied-Bruce requirement that a contract comes within the purview of the FAA only when an interstate nexus is shown. The Supreme Court has stated that the FAA's reach coincides with that of the Commerce Clause. Allied-Bruce, 513 U.S. at 274. This broad interpretation of the FAA "is consistent with the [FAA]'s basic purpose, to put arbitration provisions `on the same footing' as a contract's other terms." Id. (quoting Scherk v. Alberto-Culver Co., 417 U.S. 506, 511 (1974)).

While it is true that in this case the record is scant as to an interstate nexus, we recognize that the appellee United Industrial Workers of North America, Seafarers International Union, AFL-CIO itself, which represents Acker, is an international body embracing Union workers not only in the various states of the union, but in foreign countries as well. Its activities, by their very nature, qualify as having an interstate nexus. Moreover, we can take judicial notice that the Attorney General's office of the Virgin Islands, of which Acker was a member until his termination, has been and is involved with matters concerning the various states. See, e.g., Travel Services, Inc. v. Government of the Virgin Islands, 904 F.2d 186 (1990)

8

(assessment of tax on commissions earned from sale of airline tickets); Business Ventures International v. Olive, 893 F.2d 641 (1990) (determination of tax liability for income unconnected with Virgin Islands' activity); Inter-Island Transport Line, Inc. v. Government of the Virgin Islands, 539 F.2d 322 (3d Cir. 1976) (alleged breach of water-hauling contract between Government of the Virgin Islands and carrier); Pan American World Airways, Inc. v. Government of the Virgin Islands, 459 F.2d 387 (3d Cir. 1972) (whether tax on airlines' gross receipts violates Commerce Clause or Fourteenth Amendment of the United States); Holmes v. Government of the Virgin Islands, 370 F. Supp. 715 (D.V.I. 1974) (validity of act of legislature authorizing agreement between the Government of the Virgin Islands and a corporation intending to build an oil refinery); Southerland v. St. Croix Taxicab Ass'n, 315 F.2d 364 (3d Cir. 1963) (action by tour agency to prevent the Government of the Virgin Islands from interfering with tour agency's right to transport persons who purchased package tour); Virgo Corp. v. Paiewonsky, 254 F. Supp. 405 (D.V.I. 1966) (validity of tax of watches exported to United States customs area); see also The West Indian Co. v. Government of the Virgin Islands, 844 F.2d 1007 (3d Cir. 1988) (enforceability of contract between the Government of the Virgin Islands and a Danish-owned corporation).

Although we recognize that the individual employment contract of Lawrence Acker can be construed narrowly as an employment contract of a local nature only, we are not persuaded that the character of his union, which negotiated the CBA, which sought to enforce the CBA, and which filed the grievance on behalf of Acker, and the nature of Acker's employment can be overlooked in determining whether the necessary interstate nexus for application of the FAA is present. Hence, we are satisfied that the FAA should be applied by the Territorial Court because its requirements have been met. See Virgin Islands Hous. Auth. v. Coastal Gen. Constr. Services Corp., 27 F.3d 911, 915 (3d Cir. 1994).

The appellant has called our attention to Great Western Mortgage Corp. v. Peacock, 110 F.3d 222 (3d Cir. 1997), where the appellant argued that the FAA did not apply to

her employment contract because she fell within the scope of the exceptions to the FAA mandatory arbitration.7 We rejected her argument, relying upon Tenney Engineering, Inc. v. United Electrical Radio & Machine Workers of Am., 207 F.2d 450 (3d Cir. 1953) (en banc), and we held that the exceptions to the FAA only applied to those employees working directly in the channels of commerce itself. Peacock did not fall within that classification, and neither does Acker in the present case. We are satisfied that while Acker was not employed directly in the channels of commerce, the FAA in this case nevertheless satisfies the interstate commerce nexus.

B.

Additionally, the District Court held that the provisions of the FAA apply within the Territorial Court by virtue of the common law of the Virgin Islands. We agree. Because there is no Virgin Islands statute on point, the Restatement (Second) of Contracts S 345(f) provides a rule of law for the Virgin Islands. 1 V.I.C. S 4.8 Section 345(f) provides:

> The judicial remedies available for the protection of interests stated in S 344 [expectation, reliance, or restitution interests] include a judgment or order . . . (f) enforcing an arbitration award.

_____

7. That exception is found in S 1 of the FAA, which provides, in pertinent part:

> "Maritime transactions" and "commerce" defined; exceptions to operation of title
>
>  . . . but nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce.

8. 1 V.I.C. S 4 provides:

> The rules of the common law, as expressed in the restatements of law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to
> the contrary.

10

Comment (e) to S 345 states that "[b]ecause questions concerning the enforcement of arbitration awards depend largely on statute, they are not considered in detail in this Restatement." The Restatement contemplates that state courts will look to arbitration statutes for guidance. See Allied–Bruce Terminix Cos. v. Dobson, 684 So. 2d 102, 106 (Ala. 1995) (opinion after remand) (adopting provisions of the FAA to define state law to the extent the FAA is consistent with otherwise–provided procedures of the state). The common law, as articulated by the Restatement, provides that arbitration law depends on statutory schemes, and thus the Territorial Court should apply the FAA scheme to questions of arbitration.

If there is a difference between applying the FAA directly to the Territorial Court, as we now do, see supra III.A, or holding, as the District Court did, that the FAA "supplies the framework" for the Territorial Court, id. at 20, it is a difference without a distinction. We therefore take no great leap in holding the FAA applicable to the Virgin Islands in light of those provisions of the FAA that have been held to apply in the Territorial Court by the District Court Appellate Division and the common law of the Virgin Islands.9

_____

9. The opinion of Chief Judge Moore for the District Court included the provisions of S 10(a) of the FAA listing five factors for the Territorial Court to consider in reviewing the instant arbitration decision. In addition, it listed in the footnote those sections of the FAA that applied in the Territorial Court:

        In addition to sections 9, 10(a), and 11, other sections of the FAA
        clearly apply in Territorial Court. These include: section 3, providing
        for a stay of proceedings where [the] issue therein [is] referable to
        arbitration; section 4, for order to compel arbitration and judicial
        enforcement; section 5, appointment of arbitrators or umpire;
        section 6, application heard as motion; section 7, witnesses before
        arbitrators, their fees, and compelling attendance; section 12, notice
        of motions to vacate or modify and their service, and procedure for
        staying proceedings; section 13, what papers must befiled for an
        order confirming, modifying, or correcting award; and section 16,
        appeals from actions of Territorial Court. There are some provisions
        of the FAA which obviously would not apply in the Territorial Court
        because they deal with strictly federal proceedings, e.g., 9 U.S.C. S 8
        (proceedings begun by libel in admiralty and seizure of vessel or
        property); id. S 10(b) (referring to 5 U.S.C. SS 372 & 380).

Government of the Virgin Islands v. United Industrial Workers of Am.,
D.C. Civ. App. No. 1992-022 (D.V.I. App. Div. Dec. 1, 1997), at 19 n.21.

11

IV.

We hold that the Writ of Review statute, 5 V.I.C.SS 1421–23, does not provide the Territorial Court with jurisdiction to review a private arbitrator's decision. The Federal Arbitration Act, 9 U.S.C. S 1–16, however, applies to appellant Lawrence Acker's employment contract by virtue of its interstate character and through application of the common law.

We will therefore affirm the order dated December 1, 1997, of the District Court of the Virgin Islands, Appellate Division of St. Croix, and remand to the Territorial Court for proceedings consistent with this opinion.

A True Copy:
Teste:

       Clerk of the United States Court of Appeals
       for the Third Circuit