**TRAVEL SERVICES, INC., Appellant,**

v.

**GOVERNMENT OF THE VIRGIN IS-LANDS, Anthony P. Olive, Director, Virgin Islands Bureau of Internal Revenue, Appellees.**

No. 89–3619.

United States Court of Appeals, Third Circuit.

Argued April 25, 1990.

Decided May 31, 1990.

Gordon C. Rhea (argued), Alkon & Rhea, Christiansted, St. Croix, U.S. Virgin Islands, for appellant.

Rosalie Simmonds Ballentine, Roy E. Parrott, Darlene C. Grant (argued), Dept. of Justice, Charlotte Amalie, St. Thomas, U.S. Virgin Islands, for appellees.

Before SLOVITER, STAPLETON and HUTCHINSON, Circuit Judges.

## OPINION OF THE COURT

HUTCHINSON, Circuit Judge.

In this appeal we decide whether 49 U.S.C.A.App. § 1513(a) (West 1976) preempts a Virgin Islands' gross receipts tax on the commissions earned by travel agents for the sale of airline tickets. For the reasons stated below, we hold that § 1513(a) does not preempt such a tax.

## I.

Appellant, Travel Services, Inc. (Travel Services), operates a travel agency in the United States Virgin Islands. Among its activities is the sale of airline tickets, as agent for various airlines, to persons wishing to fly to and from the Virgin Islands. It sells those tickets at the same price the airlines would charge and receives from them a commission. When it sells an airline ticket, Travel Services is required to deposit the fares into a special account that it holds in trust for the airlines. The airlines draw funds from this account for the total fares less the commissions owed to Travel Services. Travel Services is then entitled to the commissions. The price of the airline ticket is established by the airlines and cannot be increased or decreased by Travel Services. The amount paid by a passenger is the same whether he or she purchases a ticket from Travel Services or directly from the air carrier.

The Virgin Islands gross receipts tax, set forth at V.I.Code Ann. tit. 33, § 43(a) (Supp.1989), provides in relevant part:

> Every individual and every firm, corporation, and other association doing business in the Virgin Islands shall report their gross receipts and pay a tax of four percent (4%) on the gross receipts of such business.

The United States Congress has enacted a statute concerning taxes levied on airline travel. That statute, set forth at 49 U.S.C.A.App. § 1513 (West 1976 & Supp.1990),[1] reads in relevant part:

> (a) No State (or political subdivision thereof, including ... the Virgin Islands ...) shall levy or collect a tax, fee, head charge, or other charge, directly or indirectly, on persons traveling in air commerce or on the carriage of persons traveling in air commerce or on the sale of air transportation or on the gross receipts derived therefrom....
>
> (b) ... [N]othing in this section shall prohibit a State (or political subdivision thereof, including ... the Virgin Islands ...) from the levy or collection of taxes

other than those enumerated in subsection (a) of this section, including property taxes, net income taxes, franchise taxes, and sales or use taxes on the sale of goods or services....

Travel Services filed tax returns for the period of June 1983 through April 1986, as required under the Virgin Islands statute, but did not include in its reported gross receipts the commissions it had earned on the sale of airline tickets. The Virgin Islands taxing authorities assessed gross receipts taxes and interest on Travel Services' commissions from the sale of airline tickets for the period of June 1983 through April 1986. Travel Services then brought an action in the Territorial Court of the Virgin Islands contending that the Virgin Islands' assessment of tax on the commissions it had earned from the sale of airline tickets was prohibited by 49 U.S.C.A.App. § 1513(a).

The parties filed stipulated facts and, on cross-motions for summary judgment, the territorial court denied Travel Services' motion and granted summary judgment to the government. The territorial court held that the tax imposed by the Virgin Islands statute was not a tax on gross receipts derived from the sale of air transportation preempted by 49 U.S.C.A.App. § 1513(a), but instead was a tax on services permitted by § 1513(b). The Appellate Division of the District Court of the Virgin Islands accepted the territorial court's reasoning and affirmed. This appeal followed.

## II.

The territorial court had subject matter jurisdiction pursuant to V.I.Code Ann. tit. 4, § 76(a) (Supp.1989). The district court had appellate jurisdiction over Travel Services' appeal from the final judgment of the territorial court pursuant to 48 U.S.C.A. § 1613a(a) (West 1987), and V.I.Code Ann. tit. 4, § 33 (Supp.1989). We have appellate jurisdiction over the final order of the district court. *See* 28 U.S.C.A. § 1291 (West Supp.1990); 48 U.S.C.A. § 1613a(c)

---

**1.** For a discussion of the history behind the passage of 49 U.S.C.A.App. § 1513, see *Aloha*   *Airlines v. Director of Taxation,* 464 U.S. 7, 8–10, 104 S.Ct. 291, 292–93, 78 L.Ed.2d 10 (1983).

(West 1987). Since the issues the parties raise involve statutory construction, our scope of review is plenary. *See Chrysler Credit Corp. v. First Nat'l Bank & Trust Co.*, 746 F.2d 200, 202 (3d Cir.1984).

### III.

Section 1513(a) prohibits the Virgin Islands from "directly or indirectly" taxing gross receipts derived from the sale of air transportation. Travel Services contends § 1513(a) should be construed broadly to prohibit a tax on travel agency commissions paid from an airline's gross receipts. However, in § 1513(b) Congress limited the broad sweep of § 1513(a) by permitting states to impose "taxes other than those enumerated in subsection (a) ... including ... sales or use taxes on the sale of goods or services." *See Wardair Canada, Inc. v. Florida Dep't of Revenue*, 477 U.S. 1, 7, 106 S.Ct. 2369, 2372, 91 L.Ed.2d 1 (1986).

We believe the broad reading of § 1513(a) that Travel Services suggests would be inconsistent with the Supreme Court's interpretation of the statute in *Wardair*. Under that reading, every item paid from an airline's gross receipts, such as an airline's direct purchase of goods or services or an airline employee's wages, would be exempt from taxation. However, in *Wardair*, the Supreme Court held that a tax on aviation fuel sold to airlines was not preempted by § 1513(a), *see Wardair*, 477 U.S. at 7, 106 S.Ct. at 2372, without regard to whether the tax would ultimately be paid out of an airline's gross receipts derived from the sale of air transportation. Thus, we reject Travel Services' broad reading of § 1513(a).

Instead, we think that the commissions Travel Services receives from the airlines are commissions paid for the service of selling airline tickets. A tax on these commissions is not a tax on gross receipts from the sale of air transportation prohibited by § 1513(a); it is merely a tax on compensation paid for a service. Section 1513(b) allows the Virgin Islands to impose taxes "other than those enumerated in [§ 1513(a) ], including ... sales or use taxes on the sale of goods or services." The

Virgin Islands tax on Travel Services' commissions is not one of the enumerated taxes that § 1513(a) prohibits, and thus it is expressly allowed under § 1513(b).

The fact that the commissions are paid from the same account into which the gross receipts from the sale of airline tickets are deposited does not change the nature of the compensation. As the territorial court persuasively reasoned:

The fact that [Travel Services] is paid from the same account in which the gross receipts from the sale of air transportation are deposited is irrelevant. Those receipts are not the property of [Travel Services]. The instant that a portion of those receipts is assigned, or paid to [Travel Services], the character of that portion is altered. It no longer represents "gross receipts derived from the sale of air transportation." It is now commissions for services rendered. This is so because its purpose is not for travel, but to compensate [Travel Services] for services rendered. The airlines, by paying commissions, surely are not purchasing air transportation. Obviously, this is not a transaction between an airline and a passenger, but rather it is a transaction between an airline and its travel agent.

*Travel Services, Inc. v. Government of the Virgin Islands*, Civil No. 204/87, slip op. at 7 (V.I.Terr.Ct. June 23, 1988), *reprinted in* Appendix of Appellant (App.) at 30.

Travel Services argues that the tax on its commissions is an indirect tax on the sale of air transportation prohibited by § 1513(a). In support, Travel Services relies on *Aloha Airlines v. Director of Taxation*, 464 U.S. 7, 104 S.Ct. 291, 78 L.Ed.2d 10 (1983). However, *Aloha Airlines* did not speak to the issue this case raises. In *Aloha Airlines*, the Supreme Court held that a state tax, denominated as a property tax on airlines measured by their gross receipts, was in reality a tax on the gross receipts of airlines selling air transportation and carrying persons traveling in air commerce. *See* 464 U.S. at 13–14, 104 S.Ct. at 294–95. The Court held that

§ 1513(a) preempted such a tax. *See id.* at 14, 104 S.Ct. at 295.

The Virgin Islands tax on Travel Services' commissions is distinct from the tax at issue in *Aloha Airlines.* The tax at issue in this case is a tax on income derived from services provided. It is not analogous to the property tax measured by airline gross receipts, which the Supreme Court held was preempted in *Aloha Airlines.*

Travel Services also argues that the Virgin Islands tax on travel agents' commissions is not a tax on income derived from services permitted under 49 U.S.C.A.App. § 1513(b). In support of this argument, Travel Services relies on *State ex rel. Arizona Dep't of Revenue v. Cochise Airlines,* 128 Ariz. 432, 626 P.2d 596 (Ct.App. 1980), and Ohio Op.Atty.Gen. No. 73-117 (1973). In *Cochise Airlines,* Arizona had imposed directly on an airline a privilege tax based on the volume of business. The Court of Appeals of Arizona held that § 1513(a) preempted the tax insofar as it related to the transportation of airline passengers. *See* 626 P.2d at 601. The Ohio Attorney General's opinion similarly concluded that § 1513(a) preempted an Ohio excise tax on airlines. Here, the territorial government of the Virgin Islands is not imposing a privilege tax or an excise tax on airlines, but a tax on the commissions earned by a travel agent for providing services. In our view, the authorities Travel Services relies on are not controlling.

Because the tax at issue is a tax on commissions derived from services provided to airlines and not a tax on gross receipts from the sale of air transportation, § 1513(a) does not preclude the Virgin Islands from levying and collecting such a tax on Travel Services' commissions.

## IV.

For the reasons stated above, we hold that § 1513(a) does not preempt the application of V.I.Code Ann. tit. 33, § 43(a) to impose a tax on the commissions earned by travel agents for the sale of airline tickets.

We will affirm the judgment of the district court.