**UNITED STATES of America**

v.

**Andres REYES, Defendant.**

**No. 95–CR–346.**

United States District Court,
N.D. New York.

Jan. 10, 1996.

Thomas J. Maroney, United States Attorney, Donald T. Kinsella, Asst. U.S. Atty., Albany, New York, for Government.

Lee D. Greenstein, Albany, New York, for Defendant.

**MEMORANDUM–DECISION
and ORDER**

McAVOY, Chief Judge.

## I. BACKGROUND

Count One of the superseding indictment charges **defendant Andres Reyes** with violating 21 U.S.C. §§ 841 and 846 by conspiring to distribute and possess with the intent to distribute crack cocaine. The alleged drug conspiracy existed from June, 1995, until October, 1995, in and around Troy and Albany, New York. Counts Two and Three of the indictment charge defendant with violating 21 U.S.C. § 841 and 18 U.S.C. § 2 by knowingly and intentionally distributing crack cocaine, with another person, in Albany, New York, on August 29, 1995, and September 14, 1995, respectively. Counts Four, Five, and Six of the indictment charge defendant with violating 21 U.S.C. § 841 and 18 U.S.C. § 2 by knowingly and intentionally possessing crack cocaine, with another person, with intent to distribute on August 29, 1995, September 14, 1995, and October 2, 1995, respectively.

On October 5, 1995, defendant was brought before U.S. Magistrate Judge Ralph W. Smith, Jr., and arraigned. Defendant was denied bail and has been detained since that date. The following constitutes the Court's adjudication of defendant's omnibus pretrial motions.

## II. DISCUSSION

### A. DISCOVERY AND INSPECTION

Defendant moves for discovery and inspection of a variety of material putatively in the government's possession. The government maintains that it has met all of its Rule 16 discovery obligations and argues that the Court should deny defendant's requests that exceed the requirements of that Rule.

#### 1. Miscellaneous Evidence

Defendant requests that the Court order the government to comply with prior discovery requests, without providing persuasive reasons for why the government should be ordered to do so. The government assures the Court that defendants have been or will be afforded the opportunity to inspect all of the physical and documentary evidence that the government will seek to introduce at trial.

Otherwise, the Court declines to order production of every item enumerated in defendant's omnibus motion, but does so in light of the sufficiency, in general, of the government's good faith representation that it understands and will comply with its obligations. *See United States v. Taylor,* 707 F.Supp. 696 (S.D.N.Y.1989). The Court also reminds the government that it misapprehends its obligations at its peril and directs the government to err, if at all, in favor of defendant.

#### 2. *Brady* Exculpatory Material

The government denies knowledge of any *Brady* exculpatory material at this time but assures the Court that it will be provided to defendant as it becomes known. The Court is satisfied with the government's apparent good faith, but once again encourages the government to err in favor of defendant when deciding whether to reveal future evidence that may be exculpatory.

#### 3. Government Witness List

##### a. Legal Standards

■ The government has no "special right or privilege to control access to trial witnesses," *United States v. Hyatt,* 565 F.2d 229, 232 (2d Cir.1977), but Fed.R.Crim.P. 16 does not generally require the government to furnish the names and addresses of its witnesses. *United States v. Bejasa,* 904 F.2d 137, 139 (2d Cir.), *cert. denied,* 498 U.S. 921, 111 S.Ct. 299, 112 L.Ed.2d 252 (1990). Nevertheless, a district court has discretion to compel such pretrial disclosure upon a defendant's *specific* showing that the government's witness list is both material to the preparation of the defense and reasonable in light of the surrounding circumstances. *Id.,* 904 F.2d at 139–40 (citing *United States v. Cannone,* 528 F.2d 296, 301 (2d Cir.1975)). *See also United States v. Greater Syracuse Bd. of Realtors, Inc.,* 438 F.Supp. 376, 381–82 (N.D.N.Y.1977).

##### b. Application

■ Defendant has not justified his request for the government's witness list with anything more than a simple assertion that it would help him to prepare for trial. The general need to prepare for trial does not constitute a sufficiently specific showing of either the necessity or the reasonableness of acquiring the government's witness list. *See United States v. Konefal,* 566 F.Supp. 698, 705 (N.D.N.Y.1983).

#### 4. Evidence of Prior and Subsequent Misconduct

Rule 404(b) of the Federal Rules of Evidence allows the admission of evidence of other crimes, wrongs or acts for purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The rule requires, however, that "the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the Court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to use at trial." Fed. R.Evid. 404(b). *See also United States v. Paccione,* 949 F.2d 1183, 1199 (2d Cir.1991).

The government has not shown good cause for denying pre-trial notice of prior and subsequent misconduct evidence. Therefore, if the government intends to introduce at trial any such evidence that it has obtained since answering defendant's motions or that it obtains between today and trial, then in accordance with Rule 404(b), it must give defen-

dant reasonable notice prior to trial. The Court notes, however, that the government is only required "to apprise the defense of the general nature of the evidence of extrinsic acts," and that Rule 404(b) does not supersede other admissibility and disclosure rules such as the Jencks act. Nor does Rule 404(b) require the government to reveal the names and addresses of its witnesses. *See* F.R.E. 404(b) Committee on the Judiciary, Senate Report, notes on 1991 amendment.

### B. SUPPRESSION HEARINGS

Defendant moves for an order suppressing any "pre-trial custodial statements" made by defendant that the government may attempt to introduce at trial, on the grounds that the government obtained such statements in violation of defendant's Fourth and Sixth Amendment rights. Defendant also moves for an order suppressing physical evidence allegedly obtained in violation of his Fourth Amendment rights. In the Court's experience such suppression issues are best resolved after a hearing at which a full factual record can be developed. Thus a suppression hearing will be held directly prior to trial at which defendant can renew his objections and the Court will determine the admissibility of the objected-to statements and evidence. Until that hearing is complete, the Court will reserve on defendant's suppression motions.

Defendant also moves for a hearing to determine the admissibility of alleged co-conspirator statements and prior bad acts evidence. In keeping with the practice of this Court, defendant may renew his objections to this evidence if and when the government seeks to introduce it at trial. By waiting until such time the Court can avoid holding a "mini-trial" on whether a conspiracy existed before the trial, and can better perform the required balancing of interests regarding bad acts evidence.

### C. PRIOR CONVICTIONS EVIDENCE

Defendant moves for an order precluding the government from cross-examining him in regard to prior convictions. In the alternative, defendant seeks a pre-trial hearing to determine appropriate limits for the govern-

ment's cross-examination. As to the admissibility of prior conviction evidence, defendant's motion to suppress its introduction is premature. The Court can only conduct the required Rule 403 balance to determine the admissibility of such evidence when the government seeks to introduce it. As is the custom in this Court, defendant may renew his objections to this evidence if and when the government seeks to introduce it at trial.

### D. LEAVE TO RENEW MOTIONS

The Court will reserve on whether to grant defendants leave to renew or initiate new motions.

### III. CONCLUSION

All of defendant's omnibus motions are DENIED, with the exception of his motions for suppression of his statements and the seized evidence, on which the Court RESERVES pending the completion of a pre-trial hearing, and his motion for leave to renew or initiate new motions, on which the Court also RESERVES.

**IT IS SO ORDERED.**