UNITED STATES of America,
Plaintiff,

v.

Samuel ORTIZ–GARCIA [1], Agustin
Rodriguez–Adorno [2], Giovanni
Torres–Rosario [3], Defendants.

Criminal No. 07–248 (FAB).

United States District Court,
D. Puerto Rico.

May 16, 2008.

Hector A. Deliz, Deliz & Torres Gonzalez Law Office, San Juan, PR, PHV Jean D. Barrett, Ruhnke & Barrett, Montclair, NJ, for Defendant Samuel Ortiz-Garcia.

Jorge L. Armenteros–Chervoni, San Juan, PR, PHV John R. Martin, Martin Brother PC, Atlanta, GA, for Defendant Agustin Rodriguez–Adorno.

Joseph C. Laws, Rafael Andrade–Ravelo, Federal Public Defender's Office, Hato Rey, PR, PHV Christopher Adams, Atlan-

ta, GA, for Defendant Giovanni Torres–Rosario.

Julie B. Mosley, United States Attorney's Office, San Juan, PR, for Plaintiff.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

On December 12, 2007, the Court granted defendants Agustin Rodriguez–Adorno's and Giovanni Torres–Rosario's request to obtain unredacted FBI reports of investigation ("302's"), including the name, addresses and phone numbers of potential government witness.[1] (Docket Nos. 112 and 113) Shortly after these discovery orders, the government filed two motions for reconsideration. Both motions were denied by the court. (Docket No. 122 and 130) The government then requested a temporary stay of the discovery orders from the First Circuit Court of Appeals. On January 18, 2008, the Court of Appeals stayed the discovery orders pending the application for a writ of mandamus by the government. (Docket No. 131) On April 18, 2008, the mandamus petition was denied and the stay was lifted.

Pending before the court is the United States' Renewed Motion for Reconsideration (Docket No. 151) and defendants' oppositions to the renewed motion. (Docket Nos. 178 and 179)

The government asks the court to reconsider its order granting defendant's request to obtain the unredacted 302's with the names, addresses and phone numbers of witnesses to the events underlying the indictment. It insists that the names of the witnesses are neither evidence nor exculpatory. The government therefore alleges that it has no obligation, at this stage of the proceedings, to make available the information requested by the defendants. It further assures that any information in its possession or of which the government

is aware which could tend to exculpate a defendant or impeach a witness is already in defendants' possession. The government lastly directs the court's attention to Docket No. 145 to demonstrate "the increased potential for witness harassment and intimidation should the name and contact information of the witnesses be prematurely disclosed ..." (Docket No. 151, p. 3)

Defendants, in turn, assert that this court must enforce its previous discovery orders because the identity of the witnesses can be "potentially exculpatory" or mitigating. Thus, defendants allege that the names of the witnesses are discoverable under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

■ The court has reviewed *in camera* the information defendants seek (the unredacted 302's), the judgment issued by the First Circuit Court of Appeals, and the parties' filings, and reconsiders its previous rulings. The names and information of the government's prospective witnesses are neither evidence nor exculpatory information. Thus, defendants are not entitled to obtain the names and information of the government's potential witnesses under *Brady.*

■ Defendants' request must also be denied at this stage of the proceedings under the provisions of Rule 16(a)(2) of the Federal Rules of Criminal Procedure. Rule 16(a)(2) does not authorize "the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500 [the Jencks Act]." Under this rule, the Government does not need to furnish the names and addresses of its witnesses. *United States v. Bejasa,* 904 F.2d 137, 139 (2nd

1.  The government had provided the 302's in    redacted form to the defendants.

Cir.1990), *cert. denied,* 498 U.S. 921, 111 S.Ct. 299, 112 L.Ed.2d 252 (1990); *United States v. Reyes,* 911 F.Supp. 64, 65 (N.D.N.Y.1996). It is within the court's discretion whether to compel the prosecution to furnish a *witness* list prior to trial. In exercising its discretion, the court must weigh the government's reasons not to disclose if the information (*i.e.,* injury to the witnesses or witness intimidation) against the defendants' specific showing of particularized need for the names, beyond the basic assertion that such a list would aid in trial preparation. *United States v. Schwimmer,* 649 F.Supp. 544, 550 (E.D.N.Y.1986). It would also be improper to order discovery of *witness* lists if coercion or other harm would likely result to prospective witnesses.

The Court finds that there is no need to disclose the names of the *potential witnesses* or the case agents' handwritten notes at this stage of the proceedings.[2] The information provided by the government provides the defendants with information they need to appear before the Capital Case Committee.[3] Therefore, the government is under no obligation, at this stage of the proceedings, to make the information here at issue available to the defendants, particularly when the government proffers in its second motion for reconsideration statements that, if true, provide reason to believe that the prospective witnesses or their family members may be endangered by the disclosure of their names and information.

Defendants' request for unredacted 302's is **DENIED.**

**IT IS SO ORDERED.**

---

2. As the government admits, this information may constitute Jencks material at some point later in the prosecution of this case. The Jencks Act, however, provides that "no statement or report ... made by a government witness or prospective witness ... shall be subject of subpena [sic], discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. 3500(a) Clearly, under the Jencks act, the government cannot be compelled to disclose the information defendants now seek at this stage of the proceedings.

3. The Court has no basis to doubt, from the government's assertion, that the government has met its discovery obligations.